# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAMES C. STRADER,

      **Plaintiff,**

      v.                                    CASE NO.  20-3001-SAC

BUTLER & ASSOCIATES, P.A.,
et. al,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff proceeds *pro se* and *in forma pauperis* in this prisoner civil rights case.  On January 28, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 19) ("MOSC"), granting Plaintiff until February 24, 2020, in which to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC.  The Court granted Plaintiff's request for an extension of time, and extended the deadline to respond to March 6, 2020.  (Doc. 21.)  Plaintiff has filed his Response (Doc. 26).  Plaintiff's response fails to address the deficiencies set forth in the MOSC.

Plaintiff's allegations in his Amended Complaint (Doc. 12) relate to his state criminal proceedings.  Plaintiff alleges that he was falsely convicted because DNA and fingerprint evidence was not a match to him, false testimony was not corrected, and his counsel was ineffective.  Plaintiff also alleges that his criminal Case No. 03-CR-000173 was "reopened" with the DA's office and Butler & Associates in September of 2019, and he was denied indigent counsel.  Plaintiff names as Defendants: the State of Kansas; Reno County, Kansas; Keith Schroeder, District Attorney; Reno County Police Department; the Kansas Bureau of Investigation; Butler & Associates, P.A.; Judge Trish Rose; Judge Richard J. Rome; and Reno

County Courts.  Plaintiff's request for relief seeks to "vacate and release from all detains charges . . . and mistrial would be double jeopardy because of due process violations during and before trial – evidence can't be refused . . . nor even a standing line up – civil settlement 10 million." (Doc. 12, at 5.)

The Court found in the MOSC that the two state court judges named as defendants are entitled to judicial immunity.  A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).  Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity.  *Stump*, 435 U.S. at 356–57.  Plaintiff alleges no facts whatsoever to suggest that the defendant judges acted outside of their judicial capacities.  Plaintiff's Response fails to show good cause why his claims against the state judges should not be dismissed based on judicial immunity.

Plaintiff also names the county attorney as a defendant.  Plaintiff's claims against the county prosecutor fail on the ground of prosecutorial immunity.  Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function.  Plaintiff's Response fails to show cause why his claims against the county prosecutor should not be dismissed based on prosecutorial immunity.

Plaintiff names the Reno County Police Department, Reno County and the Reno County Courts as defendants.  To impose § 1983 liability on the county and its officials for acts taken by

its employee, a plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *Myers v. Oklahoma Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978)).  The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989).  Plaintiff has pointed to no policy or deficiency in the training program used by the Reno County Police Department or the County and no causal link between any such inadequacy and the allegedly unconstitutional acts of staff.

Plaintiff seeks to vacate his sentence and "release."  Such a challenge must be brought in a habeas action.[1]  "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).  When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement.  *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief).  "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an

---

[1] Plaintiff has already brought habeas actions based on his criminal conviction in Case No. 03-CR-000173.  *See Strader v. Schroeder*, Case No. 20-3002-SAC (D. Kan. Jan. 7, 2020) (Doc. 4) (dismissing petition as a second or successive application for habeas corpus).

opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). Therefore, any claim seeking release from imprisonment is not cognizable in a § 1983 action. Plaintiff has failed to show cause why his claim to vacate his sentence and "release" should not be dismissed as not properly brought in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiff has not alleged that the conviction or sentence has been invalidated and has failed to show cause why his request for monetary damages is not barred by *Heck*.

Plaintiff names the State of Kansas and the Kansas Bureau of Investigation as defendants. The State of Kansas and its agencies are absolutely immune from suits for money damages under

the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Plaintiff has failed to show cause why his claims against the State of Kansas and the Kansas Bureau of Investigation should not be dismissed as barred by the Eleventh Amendment.

The Court noted in the MOSC that Plaintiff may be challenging garnishment proceedings brought by Defendant Butler & Associates based on his prior criminal conviction. Even assuming Plaintiff has a property interest in his prison account,[2] deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees."). Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiff has failed to allege any facts regarding an alleged deprivation of property, or that an adequate post-

---

[2] *See Leek v. Miller*, 698 F. App'x 922, 928–29 (10th Cir. June 7, 2017) (unpublished) (finding that the law in this circuit is not clearly established as to whether a prisoner has a protected property interest in his prison account).

deprivation remedy was unavailable. Plaintiff has failed to show cause why any claim based on the garnishment should not be dismissed for failure to state a claim.

Plaintiff has filed a "Writ of Assistance in Motion to Recuse for Call as Material Witness" (Doc. 24), seeking to recuse the undersigned. Plaintiff previously filed a motion for recusal (Doc. 4), and the Court denied the motion in the MOSC. For the same reasons set forth in the MOSC, the Court denies Plaintiff's current request for the undersigned to recuse. (MOSC, Doc. 19, at 8–12.) Because the Court is dismissing this action for failure to state a claim, Plaintiff's "Motion to Present and Call State Commission Chair Members and Call Witnesses" (Doc. 25) is likewise denied.

Plaintiff's Response fails to address the deficiencies set forth in the MOSC, and Plaintiff has failed to show good cause why his Amended Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED THAT** Plaintiff's motions (Docs. 24, 25) are **denied.**

**IT IS SO ORDERED**.

**Dated March 9, 2020, in Topeka, Kansas.**


**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**