IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES C. STRADER,

    **Plaintiff,**

v.                                                         CASE NO. 20-3001-SAC

BUTLER & ASSOCIATES, P.A.,
et. al,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff proceeds *pro se* and *in forma pauperis* in this prisoner civil rights case. On January 28, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 19) ("MOSC"), granting Plaintiff until February 24, 2020, in which to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC. The Court granted Plaintiff's request for an extension of time, and extended the deadline to respond to March 6, 2020. (Doc. 21.) Plaintiff filed his response (Doc. 26). Because Plaintiff's response failed to address the deficiencies set forth in the MOSC, on March 9, 2020, the Court entered a Memorandum and Order and Judgment (Docs. 27, 28) dismissing this matter for failure to state a claim. This matter is before the Court on Plaintiff's "Motion to Object" (Doc. 30) and Motion to Present Exhibits (Doc. 31), filed on March 17, 2020.

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59(e). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.")

A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings. *Id.* Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff argues in his motion to object that the Court "cannot dismiss without litigation for failure to state a claim." (Doc. 30, at 1.) Plaintiff then states that he is requesting "Breyer Committee Investigation and Report pursuant to 28 U.S.C. § 351." *Id.* Plaintiff has failed to show he is entitled to relief under Rule 59(e). Not only is this Court allowed to dismiss a case for failure to state a claim without litigation, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2). Furthermore, § 351 provides that complaints against judges are to be filed with the clerk of the court of appeals for the circuit. 28 U.S.C. § 351(a).

Plaintiff's argument is without merit and he fails to show that he is entitled to relief from the Court's judgment dismissing this matter. Plaintiff fails to show an intervening change in the controlling law; the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or the need to correct clear error or prevent manifest injustice. Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its March 9, 2020 Memorandum and Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Object (Doc. 30) and Motion to Present Exhibits (Doc. 31) are **denied.**

**IT IS SO ORDERED**.

**Dated March 20, 2020, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**